**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quantum Fluids LLC, <br><br> Plaintiff, <br><br> v. <br><br> Kleen Concepts LLC, <br><br> Defendant. | No. CV 20-02287-PHX-DWL <br><br> **ORDER** |
| Michael H. Gustin, et al., <br><br> Petitioners, <br><br> v. <br><br> Kleen Concepts LLC, <br><br> Respondent. | No. CV-22-00525-PHX-DLR <br><br> **ORDER** |

Pending before the Court is a motion to transfer and consolidate. (Doc. 35.) For the following reasons, the motion is denied.

**BACKGROUND**

In November 2020, Quantum Fluids LLC ("Quantum") filed a lawsuit against Kleen Concepts LLC ("Kleen") in the District of Arizona that was assigned to the undersigned judge. (Doc. 1.) Kleen, in turn, moved to compel arbitration. (Doc. 8.) In an order issued on January 25, 2021, the Court granted Kleen's motion. (Doc. 27.) Although the Court initially held (at Quantum's request) that the case would be stayed, rather than dismissed, during the pendency of the arbitration proceeding (*id.* at 15-16), Quantum later filed a notice of voluntary dismissal (Doc. 28). As a result, on March 19, 2021, the Court issued

a minute order clarifying that Case No. 20-cv-2287 had been terminated. (Doc. 33.)

As it turns out, Quantum went out of business while the arbitration proceeding was pending. This prompted Kleen to amend its claims to add the individual members of Quantum—Michael Gustin, Cindy Gustin, John Rhea, Jonathan Warner, Ken Link, Kendal Podesta, and Scott Pace (together, "the Individual Members")—as parties to the arbitration. Although the Individual Members never subsequently appeared or participated in the arbitration, the arbitrator ultimately awarded over $579,000 to Kleen, payable by both Quantum and the Individual Members.

In April 2022, the Individual Members initiated a new lawsuit against Kleen in the District of Arizona. In that lawsuit (Case No. 22-cv-525), which has been assigned to Judge Rayes, the Individual Members have filed a motion to vacate the arbitration award for a variety of reasons, including that they never agreed to arbitrate with Kleen. (Case No. 22-cv-525-DLR, Doc. 1.) Kleen has, in turn, moved to confirm the arbitration award, both as to Quantum and as to the Individual Members. (*Id.,* Doc. 5.) Both motions are now fully briefed. (*Id.*, Docs. 18, 22, 23, 25.)

As the briefing process related to the vacatur/confirmation motions was unfolding, the Individual Members filed the motion now pending before the Court—a motion to transfer Case No. 22-cv-525 to the undersigned judge and consolidate it with Case No. 20-cv-2287. (Doc. 35.) That motion is now fully briefed. (Docs. 36, 37.)

**DISCUSSION**

I.   The Parties' Arguments

The Individual Members contend that transfer and consolidation are warranted because "[t]he arguments in *Gustin* [Case No. 22-cv-525] arise from substantially the same transaction or event (arbitration), involve the same parties (Kleen), call for a determination of the same law (the scope of Judge Lanza's orders), and would entail substantial duplication of labor if heard by someone other than Judge Lanza. Additionally, . . . Judge Lanza ordered Kleen to keep him apprised of the arbitration proceeding. By doing so, in essence, Judge Lanza reserved jurisdiction over the arbitration and any disputes arising

from awards entered in the arbitration. As such, the dispute in *Gustin* over the arbitration award ought to be adjudicated by Judge Lanza for this reason as well." (Doc. 35 at 2.)

Kleen opposes the Individual Members' motion. (Doc. 36.) As an initial matter, Kleen notes that under LRCiv 42.1(a), a motion to transfer may be filed "[w]hen two or more cases are pending before different Judges." Kleen contends that, because the earlier lawsuit is no longer pending—it was terminated in 2021, after Quantum filed a notice of voluntarily dismissal—the requirement of "two live cases" is not satisfied. (*Id.* at 3-5.) Kleen further contends that, because the same "two live cases" requirement applies to consolidation requests, that aspect of the Individual Members' request also must be denied. (*Id.*) More broadly, Kleen argues that the Individual Members' request fails on the merits because "transferring or consolidating this action would not result in greater judicial efficiency. There is no ongoing discovery in either case, so consolidation would not help avoid duplicative discovery or minimize the parties' costs. There are also no open or unresolved questions in [Case No. 20-cv-2287] such that there is a risk of inconsistent interpretations or rulings." (*Id.* at 5-6.) Kleen concludes that, although "it does not matter to Kleen which judge decides the pending motions to confirm or vacate," "in the absence of two pending cases and proper grounds to consolidate, [the Individual Members'] motion is procedurally improper." (*Id.* at 5 n.3.)

In reply, the Individual Members seem to withdraw their request for consolidation and focus only on the propriety of transfer. (Doc. 37 at 1 ["[T]he action ought to be transferred to Judge Lanza."]; *id.* at 3 ["For all of the foregoing reasons, the Individual Plaintiffs respectfully request this Court transfer the *Gustin* matter to Judge Lanza for all purposes."].) On that issue, the Individual Members do not directly respond to Kleen's argument that, under LRCiv 42.1(a), the existence of two pending cases is a prerequisite to a transfer request. However, the Individual Members suggest that, because this Court initially ordered the parties to file status reports regarding the arbitration proceeding, it "retained jurisdiction over matters pertaining to the arbitration." (*Id.* at 1.) The Individual Members also contend that a transfer would promote justice and efficiency because the

undersigned judge "is best positioned to resolve the issues pertaining to the scope and enforceability of his order compelling Quantum and Kleen to arbitrate and whether Kleen without further court approval could simply join [the Individual Members] to the then pending arbitration" and because "asking someone other than Judge Lanza to interpret Judge Lanza's orders will require unnecessary and substantial duplication of effort." (*Id.* at 2-3.)

II.     Analysis

Under Arizona's local rules, a prerequisite to a motion to transfer is the existence of two pending cases. *See* LRCiv 42.1(a) ("When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge . . . ."). *See also Addington v. US Airline Pilots Ass'n*, 2010 WL 4117216, *7 (D. Ariz. 2010) ("By its express terms, LRCiv 42.1 applies only when two or more cases are *pending*.") (capitalization omitted). Similarly, Rule 42(a) of the Federal Rules of Civil Procedure contemplates the existence of two pending actions as a prerequisite to any consolidation request. *See* Fed. R. Civ. P. 42(a)(2) ("If *actions* before the court involve common questions of law or fact, the court may . . . consolidate the actions.") (emphasis added). *See also* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 42, at 1301 (2022) ("The court may consolidate actions only if they are pending in the same district."); *Shoen v. Symons*, 2011 WL 3555582, *2 (D. Ariz. 2011) ("Defendants move pursuant to Rule 42(a) to consolidate this action, closed over four years ago, with another action currently pending between the parties. . . . The motion to consolidate will be denied because Defendants have not shown two live actions before the Court that involve common questions of law and fact.").

Here, there is only one pending action—the new lawsuit (Case No. 22-cv-525) the Individual Members filed against Kleen in 2022, which is assigned to Judge Rayes. The earlier lawsuit (Case No. 20-cv-2287), which was assigned to the undersigned judge, was closed in April 2021. Although the Court *initially* stayed Case No. 20-cv-2287 for the purpose of monitoring the arbitration proceeding, the stay was dissolved (and the case was

closed) when Quantum subsequently chose to file a notice of voluntary dismissal.  Because Case No. 20-cv-2287 has been closed for over a year, transfer is not available under LRCiv 42.1(a) and consolidation is not available under Rule 42(a).

Although this is reason enough to deny the Individual Members' motion, the Court further notes that it is skeptical that a transfer (or consolidation) would promote judicial economy, for the reasons stated in Kleen's response.

Accordingly,

**IT IS ORDERED** that:

1. The motion to transfer and consolidate (Doc. 35) is **denied**.

2. Case No. 20-cv-2287 remains **closed**.

Dated this 6th day of June, 2022.

Dominic W. Lanza
United States District Judge

- 5 -